IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT J. FOSTER,<br><br>Petitioner,<br><br>vs.<br><br>KAHALAH A. CLAY,<br><br>Respondent. | Case No. 18−cv–1603-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On August 28, 2018, Petitioner Robert J. Foster filed this Petition pursuant to 28 U.S.C. § 2241. Petitioner, who is not incarcerated, challenges a family court proceeding in the Circuit Court for St. Clair County, Illinois (No. 13-184). Specifically, he contends that because he is an American Indian, the St. Clair County Circuit Court lacked jurisdiction to render decisions pertaining to child support and custody. Petitioner seeks restoration of his parental rights, restitution for wage garnishment, and damages for spending 214 hours in custody.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[1] The Court has examined the Petition and finds that Petitioner is plainly not entitled to habeas corpus relief.

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

1

## DISCUSSION

The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Writs of habeas corpus "shall not extend to a prisoner" unless "[h]e is in custody" or "it is necessary to bring him into court to testify or for trial." 28 U.S.C. § 2241(c) (emphasis added). While the use of habeas corpus is not restricted to actual, physical custody, the only exception involves persons released on bail or on their own recognizance in certain situations. *See Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300-301 (1984); *Virsnieks v. Smith*, 521 F. 3d 707, 717 (7th Cir. 2008).

Here, it is patently apparent this Court lacks jurisdiction over the Petition. Petitioner is not currently incarcerated, and he does not allege the existence of any severe restraints that would satisfy custody for purposes of invoking § 2241. *See Virsnieks*, 521 F.3d at 718. Accordingly, the Petition must be dismissed for lack of subject matter jurisdiction. *See Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015) (custody requirement is jurisdictional).

## DISPOSITION

The Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases for lack of subject matter jurisdiction. The Court **DECLINES** to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). All pending motions are **DENIED as MOOT**. The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: October 3, 2018**

                                                           **s/ Staci M. Yandle**
                                                           **STACI M. YANDLE**
                                                           **United States District Judge**